IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William G. Richbourg, | C/A No. 5:24-cv-5442-SAL |
| Petitioner, | |
| v. | **ORDER** |
| Warden Alfredo Martell, | |
| Respondent. | |

Petitioner William Richbourg ("Petitioner"), proceeding pro se and in forma pauperis, filed this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending this case be summarily dismissed without prejudice. [ECF No. 27.] Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 7. Petitioner has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to,

---

[1] The Report and Recommendation explains that Petitioner claims he is challenging the calculation of his sentence, and he completed an amended habeas petition on a form for § 2241 petitions. *See* ECF No. 27 at 5. But ultimately, Plaintiff's amended petition raises claims of ineffective assistance of counsel, which are subject to the statute of limitations period for § 2254 claims. The Report explains the petition was not timely filed and, thus, is barred. *Id.* at 6.

1

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 27, and incorporates the Report by reference herein. As a result, this matter is **SUMMARILY DISMISSED WITHOUT PREJUDICE** and without requiring the Respondent to file an answer or return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

April 11, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."